IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**TAJNA ADAMS**                                                                     **PLAINTIFF**

VS.                                           CIVIL ACTION NO. 3:06cv130-WHB-LRA

**DAVID'S BRIDAL, INC.**                                                        **DEFENDANT**

### OPINION AND ORDER

This cause is before the Court on several related motions filed by Defendant.  The Court has considered the Motions, Responses, attachments if filed, as well as supporting and opposing authorities, and finds:

The Motion of Defendant for Summary Judgment is well taken and should be granted.

The Motion of Defendant to Dismiss should be denied as moot.

The Motion of Defendant to Strike Unsupported Factual Material and the Motion of Defendant to Strike Affidavit, both of which relate to Plaintiff's Response to its Motion to Dismiss, should be denied as moot.

The Motion of Defendant to Stay should be denied as moot.

### I.  Factual Background and Procedural History

Beginning in May of 2001, through February 2, 2005, Plaintiff Tanja Adams was employed by Defendant David's Bridal, Inc., as an Alterations Manager.  Plaintiff alleges that during the course of her employment, she became the recipient of untoward treatment by several of her supervisors who "began making false, defamatory,

derogatory, demeaning, and embarrassing accusations" about her. The alleged mistreatment includes comments and accusations that Plaintiff was: (1) "faking" and/or aggrandizing a work-related knee injury, (2) making telephone calls for her husband's real estate business while at work, and (3) lying about being sick in order to excuse herself to the bathroom where she could make telephone calls in furtherance of her husband's business.  Plaintiff also alleges: (1) her job position was posted on a help-wanted website while she was off work because of a work-related knee injury, (2) she was purposefully taught the wrong method for completing revenue-reporting paperwork and then was reprimanded for mistakes, (3) she was told to perform substandard alterations for customers and then force them to pay additional fees to have the alterations corrected, (4) she was told to delay completing alterations for customers to insure that revenues would be consistent on a weekly basis, but was then reprimanded for customer complaints regarding delays, (5) she was forced to inflate expectations regarding future revenues, and was then reprimanded for failing to meet the inflated goals, (6) she was required to report to work even though her daughter and young grandson had been hospitalized, and (7) that management protested when she wanted to take time off to participate in annual church-related projects.

In late January of 2005, Plaintiff was asked to resign because of an alleged conflict of interest, specifically because she was

selling real estate "on the side." On February 2, 2005, Plaintiff tendered her resignation, under protest, and was then immediately terminated even though Defendant allegedly indicated she could work an additional two-weeks from the date of the letter.

On February 2, 2006, Plaintiff filed a lawsuit against Defendant in the Circuit Court for the First Judicial District of Hinds County, Mississippi, alleging claims of defamation, intentional infliction of emotional distress, and negligent infliction of emotional distress. The lawsuit was timely removed to this Court on the basis of diversity of citizenship jurisdiction. For the purpose of diversity analysis, Plaintiff is a citizen of the State of Mississippi, and Defendant is incorporated under the laws of the State of Florida and has its principal place of business in the State of Pennsylvania. Through the Complaint, Plaintiff seeks $1,000,000 in actual and punitive damages. As complete diversity exists between the parties, and Plaintiff seeks damages in excess of $75,000, the Court finds it can properly exercise federal subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. Defendant now seeks summary judgment on Plaintiff's claims.[1]

---

[1] Defendant reincorporates all of the arguments made in support of its Motion to Dismiss in its Motion for Summary Judgment. The Court will consider all of the arguments before it under the summary judgment standard.

## II.  Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also, Moore v. Mississippi Valley State Univ., 871 F.2d 545, 549 (5th Cir. 1989); Washington v. Armstrong World Indus., 839 F.2d 1121, 1122 (5th Cir. 1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323.  The movant need not, however, support the motion with materials that negate the opponent's claim. Id.  As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point

to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. Id. at 323-24. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id. at 324.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. It is improper for the district court to "resolve factual disputes by weighing conflicting evidence, ... since it is the province of the jury to assess the probative value of the evidence." Kennett-Murray Corp. v. Bone, 622 F.2d 887, 003.*wwzzz892 (5th Cir. 1980). Summary judgment is also improper where the court merely believes it unlikely that the non-moving party will prevail at trial. National Screen Serv. Corp. v. Poster Exchange, Inc., 305 F.2d 647, 651 (5th Cir. 1962).

### III.  Legal Analysis

**A.  Defamation Claim**

Defendant moves for summary judgment on Plaintiff's defamation claim arguing that the claim is barred by the applicable statute of limitations, there exists a qualified privilege in favor of Mississippi employers regarding comments made to co-employees relating to personnel matters, and her claim is not cognizable under Mississippi law.

Plaintiff's defamation claim is governed by a one-year statute of limitations.  See MISS. CODE ANN. § 15-1-35 (providing: "All actions for ... slanderous words concerning the person or title, ... and for libels, shall be commenced within one (1) year next after the cause of such action accrued, and not after."); Southern v. Mississippi State Hosp., 853 So. 2d 1212, 1213-14 (Miss. 2003) (finding that defamation is an intentional tort, which is subject to a one-year statute of limitations).  The limitations period for a claim of defamation "begins to run from the date of the publication of the allegedly libelous statement to a third person." Staheli v. Smith, 548 So. 2d 1299, 1302 (Miss. 1989).

In the case *sub judice*, Plaintiff's lawsuit was filed on February 2, 2006.  To be timely, Plaintiff's defamation claim must have occurred on or after February 2, 2005, the date on which Plaintiff resigned/was terminated from her employment with Defendant.  There is neither allegation nor evidence that Defendant, through its employees, made any defamatory statements regarding Plaintiff on February 2, 2005, or at any time thereafter. As the record shows that the alleged defamatory statements, if any, were made before February 2, 2005, the Court finds that Plaintiff's defamation claim is time-barred.

Plaintiff, however, argues that her defamation claim is timely under the continuing tort doctrine.  A "continuing tort" for the purpose of this doctrine is one that is "inflicted over a period of

6

time" and "involves wrongful conduct that is repeated until desisted." Smith v. Franklin Custodian Funds, Inc., 726 So. 2d 144, 148 (Miss. 1998). As explained by the Mississippi Supreme Court:

> [In cases in which] a tort involves a continuing or repeated injury, the cause of action accrues at, and limitations begin to run from, the date of the last injury, or when the tortious acts cease. Where the tortious act has been completed, or the tortious acts have ceased, the period of limitations will not be extended on the ground of a continuing wrong.

Id. (quoting Stevens v. Lake, 615 So. 2d 1177, 1183 (Miss. 1993)). Thus, under Mississippi law, "acts that take place outside the one-year statute of limitations are actionable if, and only if, they are directly connected to an ongoing pattern of tortious conduct and at least one tortious act occurred within the one-year limitations period." Bellum v. PCE Constructors, Inc., 407 F.3d 734, 741 (5th Cir. 2005) (citing McCorkle v. McCorkle, 811 So. 2d 258, 264 (Miss. Ct. App. 2005)). See also Smith, 726 So. 2d at 148 ("A continuing tort sufficient to toll a statute of limitations is occasioned by continual unlawful acts, not by continual ill effects from an original violation.").

As explained above, any allegedly defamatory statement regarding Plaintiff was made, and therefore "published" for the purpose of her defamation claim, before February 2, 2005. As there is no evidence that at least one defamatory statement was made within the one-year limitations period beginning February 2, 2005,

7

Plaintiff cannot avail herself to the continuing tort doctrine. See Bellum, 407 F.3d at 741. Accordingly, the Court finds that Plaintiff's defamation claim is barred by the applicable statute of limitations, and that Defendant is entitled to summary judgment on this claim as a matter of law.[2]

**B.  Intentional Infliction of Emotional Distress**

Defendant moves for summary judgment on Plaintiff's intentional infliction of emotional distress claim arguing that the claim is barred by the applicable statute of limitations, and that the alleged conduct of Plaintiff's co-employees does not rise to the level necessary to support such claim under Mississippi law.

Plaintiff's claim for intentional infliction of emotional distress is governed by a one-year statute of limitations. See Southern, 853 So. 2d at 1214; Slaydon v. Hansford, 830 So. 2d 686, 688 (Miss. Ct. App. 2002). A claim of intentional infliction of emotional distress accrues, for the purpose of beginning the applicable limitations period, on the date on which the conduct allegedly causing the emotional distress occurred. See e.g. Jones v. B.L. Dev. Corp., 940 So. 2d 961, 965 (Miss. Ct. App. 2006).

---

[2] As the Court finds that Defendant is entitled to summary judgment on Plaintiff's defamation claim on the basis that it is barred by the applicable statute limitations, it will not consider the other arguments raised by Defendant in support of summary judgment on this claim.

Plaintiff's lawsuit was filed on February 2, 2006, and, therefore, the alleged conduct underlying Plaintiff's intentional infliction of emotional distress claim must have occurred on or after February 2, 2005, in order for her claim to be timely. The conduct alleged to have occurred on February 2, 2005, includes that Defendant asked Plaintiff to resign citing a perceived conflict of interest between her employment with the company and her side occupation selling real estate, Plaintiff tendered her letter of resignation "under protest," Plaintiff signed the letter with the understanding that she would be permitted to work an additional two weeks from the date of the letter, and she was terminated immediately after signing the letter.

The Court finds that these alleged acts are not sufficient to give rise to a claim of intentional infliction of emotional distress. First, Mississippi is an "at will" employment state. See Levens v. Campbell, 733 So. 2d 753, 760 (Miss. 1999). As such, "absent an employment contract expressly providing to the contrary, an employee may be discharged at the employer's will for good reason, bad reason, or no reason at all ..." Id. (citations omitted). Accordingly, the fact that Plaintiff was terminated is not grounds for a claim of intentional infliction of emotional distress. See e.g. Senseney v. Mississippi Power Co., 914 So. 2d 1225, 1230 (Miss. Ct. App. 2005) (explaining that the defendant "had the legal right to terminate [the plaintiff] at any time and

9

for any reason. Liability for intentional infliction of emotional distress will not be imposed upon an actor doing no more than exercising his legal rights."); Raiola v. Chevron USA, Inc., 872 So. 2d 79, 85-86 (Miss. Ct. App. 2004) (finding the plaintiff's claim that he was "terminated for reasons he did not think justified" that decision did not support a claim for intentional infliction of emotional distress). Second, the Court finds that the complained of conduct would, at most, amount to an employment dispute, which is insufficient to give rise to a claim of intentional infliction of emotional distress. See Lee v. Golden Triangle Planning & Dev. Dist., 797 So. 2d 845, 851 (Miss. 2001) (finding that a "claim for intentional infliction of emotional distress will not ordinarily lie for mere employment disputes.") (citations omitted); Johnson v. Merrell Dow Pharmaceuticals, Inc., 939 F. 2d 1138, 1134 (5th Cir. 1992) (same). See also Jenkins v. City of Grenada, Miss., 813 F. Supp. 443, 447 (N.D. Miss. 1993) (finding that the employer's alleged conduct, which included subjecting the plaintiff to unfair criticism regarding her job performance, giving poor evaluations, and demanding "that she quit or face the threat of defendant fabricating a case against her to justify termination", fell within the wide category of employment disputes and, therefore, did not support a claim of intentional infliction of emotional distress); Diamondhead Country Club and Property Owners Assoc., Inc. v. Montjoy, 820 So. 2d 676, 684 (Miss.

Ct. App. 2000) (finding that asking employees to scrutinize the job performance of their co-workers and to "look for anything that might be incriminating ... [and] could be used to weed out employees" the employer thought were deficient, did not rise to the requisite level of conduct necessary to support an intentional infliction of emotional distress claim).

Again, the Court finds that the conduct of Defendant on February 2, 2005, is insufficient, as a matter of Mississippi law, to give rise to a claim of intentional infliction of emotional distress.  As the record shows that Plaintiff's claim of intentional infliction of emotional distress is predicated, if at all, on conduct allegedly occurring before that date, the claim is barred by the applicable one-year statute of limitations. Additionally, because a claim of intentional infliction of emotional distress did not accrue on or after February 2, 2005, that is within the applicable one-year limitations period, the Court finds that any allegedly intentional infliction of emotional distress-causing conduct occurring before that date is not actionable under the continuing tort doctrine. See Bellum, 407 F.3d at 741 (finding that actions taken outside the one-year limitations period are actionable under the continuing tort doctrine only if "at least one tortious act occurred within the ... limitations period.").  Accordingly, the Court finds that Plaintiff's claim of intentional infliction of emotional distress

11

is time-barred, and that Defendant is entitled to summary judgment on this claim as a matter of law.

Assuming, *arguendo*, that Plaintiff's claim of intentional infliction of emotional distress was timely, it would nevertheless fail on the merits.  Regarding such claims, Mississippi courts:

> [H]ave found liability only where the defendant's conduct has been extreme and outrageous.  It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort.  Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim "Outrageous!"
>
> The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppression, or other trivialities. The rough edges of our society are still in need of a good deal of filing down, and in the meantime plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind.  There is no occasion for the law to intervene in every case where someone's feelings are hurt.

Wong v. Stripling, 700 So. 2d 296, 306 (Miss. 1997).

Plaintiff supports her claim for intentional infliction of emotional distress with allegations that Defendant: posted her job on a help-wanted website while she was off work because of a work-related knee injury, taught her the wrong method for completing paperwork, required her to "cut corners" when performing

12

alterations and to delay completing alterations, reprimanded her for mistakes made in her reports and for customer complaints, and refused to allow her time off of work for personal matters.  The Court finds that these allegations, at most, amount to employment disputes that generally do not support a claim of intentional infliction of emotional distress under Mississippi law.  See Johnson, 939 F. 2d at 1134; Lee, 797 So. 2d at 851.  Plaintiff also contends that during the course of her employment she was called "stupid", a "baby", a "liar", and a "bad girl" by several of her supervisors.  Courts have found that such comments do not support a claim of intentional infliction of emotional distress.  See Raiola, 872 So. 2d at 85 (finding that an employer's conduct, in calling the plaintiff a "thief" and making inappropriate remarks regarding his ethnic heritage, was not sufficiently extreme or outrageous as to permit recovery for intentional infliction of emotional distress); Speed v. Scott, 787 So. 2d 626 (Miss. 2001) (finding that being called a "liar" and a "thief" by your boss does not constitute "conduct as would cause a person of ordinary sensibilities to suffer outrage or revulsion.").

    The Court finds that the conduct ascribed to Defendant, while it may have been upsetting and possibly improper, does not rise to the heightened level of "extreme and outrageous" as is necessary to support a claim of intentional infliction of emotional distress under Mississippi law.

**C.   Negligent Infliction of Emotional Distress**

Defendant moves for summary judgment on Plaintiff's claim of negligent infliction of emotional distress arguing that the claim is not supported by the evidence, and is barred by the exclusivity provision of the Mississippi Workers' Compensation Act, codified at Mississippi Code Annotated Section 71-3-9.

Under Mississippi law, to succeed on her negligent infliction of emotional distress claim, Plaintiff must prove "some sort of physical manifestation of injury or demonstrable harm, whether it be physical or mental." Randolph v. Lambert, 926 So. 2d 941, 946 (Miss. Ct. App. 2006) (quoting American Bankers' Ins. Co. of Fla. v. Wells, 819 So. 2d 1196, 1208-09 (Miss. 2001)).  In the case *sub judice*, the only evidence of "physical manifestation of injury" is Plaintiff's claims that she suffered weight gain, hair loss, and changes in her menstrual cycle. See Mot. for Summ. J., Ex. B (Plaintiff's Dep.), 69-70.  These claims, however, are not supported by medical testimony or records, and there is no evidence that these symptoms could have resulted because of, or otherwise be attributed to, the conduct of Defendant.

Plaintiff cannot recover for negligent infliction of emotional distress based on her claims of stress, anxiety, embarrassment, and crying spells. See e.g. Wells, 819 So. 2d at 1209 (finding that complaints of anxiety, worry, and sleeplessness are insufficient to support a claim for negligent infliction of emotional distress).

14

As Plaintiff failed to establish that the alleged conduct by Defendant resulted in demonstrable harm, the Court finds that Plaintiff has failed to show that there exists a genuine issue of material fact with regard to her claim of negligent infliction of emotional distress. Accordingly, the Court finds that Defendant is entitled to summary judgment on this claim.[3]

## IV.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Defendant for Summary Judgment [Docket No. 27] is hereby granted.  A Final Judgment dismissing this case with prejudice will be entered in favor of Defendant by a separate order as required by Rule 58 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that the Motion of Defendant to Dismiss [Docket No. 9] is hereby denied as moot.

IT IS FURTHER ORDERED that the Motion of Defendant to Strike Unsupported Factual Material filed in response to the Motion to Dismiss [Docket No. 17] is hereby denied as moot.

---

[3] As the Court finds that Defendant is entitled to summary judgment on Plaintiff's negligent infliction of emotional distress claim on its merits, it will not consider whether the claim is barred under the Mississippi Workers' Compensation Act.

IT IS FURTHER ORDERED that the Motion of Defendant to Strike Affidavit filed in response to the Motion to Dismiss [Docket No. 21] is hereby denied as moot.

IT IS FURTHER ORDERED that the Motion of Defendant to Stay [Docket No. 11] is hereby denied as moot.

SO ORDERED this the 14th day of March, 2007.

                                                s/ William H. Barbour, Jr.
                                                UNITED STATES DISTRICT JUDGE